**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

FRANK LINK ALMANZA,

        Defendant - Appellant.

No. 23-2176

D.C. No.
2:21-cr-00212-FLA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted May 12, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Frank Link Almanza appeals from the district court's denial of his motion to

suppress evidence seized from his car, which he argues was obtained in violation

of the Fourth Amendment. We review the district court's denial of the suppression

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion de novo. *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007).

As the parties are familiar with the facts, we do not recount them here. We have

jurisdiction under 28 U.S.C. § 1291 and we affirm.

Almanza was not seized under the Fourth Amendment at the outset of his

encounter with the officers.[1] Two officers approached Almanza and his

companion on foot in a well-lit public parking garage. *See United States v. Kim*,

25 F.3d 1426, 1430 n.1 (9th Cir. 1994) ("[A]n officer's approach of a car parked in

a public place does not constitute . . . [a] Fourth Amendment seizure."). They did

not "draw [Almanza's] attention to their weapons," *United States v. Brown*, 996

F.3d 998, 1006 (9th Cir. 2021) (quoting *United States v. Crapser*, 472 F.3d 1141,

1146 (9th Cir. 2007)), nor otherwise assert authority over his movements using

"sirens or lights," *Washington*, 490 F.3d at 767. The two casino security cars

assisting on the scene parked well behind Almanza's vehicle and left his forward

means of egress unobstructed. *Id*. at 770 (holding officer's "initial encounter" with

suspect was not a seizure when officer "parked his squad car a full car length

behind [the suspect's] car [and] did not block it"). Under these circumstances, a

___

[1] During the course of the encounter, Sergeant Woodill developed probable cause
to seize Almanza after he observed Almanza's suspicious demeanor, smelled a
strong odor associated with black tar heroin, and spotted a glass jar containing a
baggie of what looked like black tar heroin in the car's center console. Thus,
Almanza's appeal is limited to whether Almanza was seized without reasonable
suspicion at the outset of the encounter.

"reasonable person would have felt free to terminate the encounter and leave." *Id.*

Because we hold that Almanza was not seized by the officers' approach, we do not reach the issue of whether the officers had reasonable suspicion of criminal activity to warrant such a seizure.

**AFFIRMED**.

23-2176